UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMILY KLEIN AND MICHAEL KLEIN,
INDIVIDUALLY AND AS REPRESENTATIVES
OF A CLASS OF TAXPAYERS,

    Plaintiff,

    v.

VILLAGE OF METTAWA, A MUNICIPAL
CORPORATION, AND LISA MADIGAN, AS
ATTORNEY GENERAL FOR THE STATE OF
ILLINOIS,

    Defendants.

No. 13 C 5106

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Emily and Michael Klein allege that the Village of Mettawa denied them a tax rebate in violation of the Illinois constitution, Article IX, section 4 (Count II), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Count III). *See* R. 1-1.[1] The Klein's also named Illinois Attorney General Lisa Madigan as a defendant but did not make any allegations against her or the State of Illinois in their complaint. *See id*. Mettawa and the Attorney General have moved to dismiss the Kleins' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. 13; R. 19. For the following reasons, both motions are granted.

---

[1] The complaint also includes a "Count I," but this count includes only factual allegations and prayers for relief, and does not include any legal bases for relief.

## Background

On June 20, 2012, Mettawa passed Ordinance Number 720, which was amended on September 18, 2012, as Ordinance Number 726, to correct certain scrivener's errors in Ordinance 720 (the "Ordinance"). R. 1-1 at 3 (¶ 3); *id.* at 13-23. The Ordinance provided that Mettawa had a $500,000 revenue surplus and directed that these funds be distributed as a tax rebate in accordance with 35 ILCS 200/30-1 *et seq*. *See id*. at 18. The relevant statute section, 35 ILCS 200/30-25(a), provides the following:

> At the direction of the corporate authorities of a taxing district, the treasurer of the taxing district shall disburse the amounts held in the tax reimbursement account. . . . . [D]isbursement shall be made to all of the owners of taxable homestead property within the taxing district. Each owner of taxable homestead property shall receive a proportionate share of the total disbursement based on the amount of ad valorem taxes on taxable homestead property paid by the owner to the taxing district under the most recent tax bill.

"Homestead property" is defined, in relevant part, as "residential property that is occupied by its owner or owners as his or their principal dwelling place." 35 ILCS 200/15-175(f). This definition is the basis for an Illinois tax exemption known as the "homestead exemption." 35 ILCS 200/15-175.

The Ordinance provides that "taxable homestead property" is property in Mettawa "upon which an Owner-occupied single-family detached residence is located which is given [a] homestead exemption by the County of Lake, and concerning which an Owner seeks a Tax Rebate." R. 1-1 at 19. The Ordinance also provides that "Owner-occupied" means "[a] single-family detached residence

2

occupied by an Owner thereof continuously from January 1 through December 31, 2010; being the calendar year for which a Tax Rebate is sought pursuant to this Ordinance." *Id.* at 19. Additionally, the Owner must "certif[y] that the Owner continued to occupy as the Owner's residence the Taxable Homestead Property continuously from January 1, 2010 through the day of filing an Application for Tax Rebate." *Id.* at 20. Mettawa property owners seeking this tax rebate were required to submit an application before October 1, 2012. *Id.* at 20.

Mettawa admits that the Klein's submitted a tax rebate application prior to the October 1 deadline, around August 23, 2012. R. 13 at 5. The Kleins admit that they moved out of the homestead property they owned prior to "the time the rebates were going to be paid." R. 1-1 at 7 (¶ 9(C)), 6 (¶ 8), 3 (¶ 1). Mettawa rejected the Kleins' rebate application by letter dated March 22, 2013, because the Kleins "sold [their] property . . . in March 2012." *Id.* at 30.

The Ordinance required Mettawa to return any remaining funds to Mettawa's general fund "as soon as possible after January 1, 2013." R. 1-1 at 22. Mettawa's financial consultant, Dorothy May, submitted a sworn declaration stating that the rebate account was terminated on April 30, 2013. R. 13-1 ¶ 8.

The Kleins filed this complaint on June 5, 2013. R. 1-1 at 3. The Kleins ask the Court to "enjoin[] [Mettawa] from making payments until this matter is decided," R. 1-1 at 6 (¶ 9(A)), and to "order[] [Mettawa] to pay the property tax rebate to [the Kleins] for the tax years that they owned the homestead property on Shagbark Lane and paid their taxes," *id.* at 6 (¶ 9(B)), "notwithstanding the fact

3

that the[y] moved from [Mettawa] at the time the rebates were going to be paid." *Id.* at 7 (¶ 9(C)).

## Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim over which the Court lacks subject matter jurisdiction. "Federal courts lack

4

subject matter jurisdiction when a case becomes moot." *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . . [t]he court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003); *see also Roman v. U.S. Postal Serv.*, 821 F.2d 382, 385 (7th Cir. 1987) ("It is proper for the district court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in determining whether subject matter jurisdiction exists under Rule 12(b)(1).").

## Analysis

### I. The Attorney General

As an initial matter, the Kleins do not make any allegations against the Attorney General in their complaint, and they do not address, let alone oppose, the Attorney General's motion to dismiss. For these reasons, the Attorney General's motion is granted.

### II. Mettawa

#### A. Mootness

Mettawa argues that the Kleins' claims are moot "because all of the funds committed to the tax rebate program in the Ordinance have been distributed and the account no longer exists." R. 13 at 8. The record shows that the rebate account is closed. R. 13-1 ¶ 8. Indeed, the account was closed over a month before the Kleins

filed this complaint. Since the rebate account is closed, the Court agrees that any claim for injunctive or declaratory relief the Kleins seek with regard to the operation of the account itself is moot. *See Protestant Mem'l Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 730 (7th Cir. 2006) (hospital's claim for injunctive relief against a State of Illinois Medicaid plan was moot because the plan has "expired" and the "complaint sought only declaratory [and injunctive] relief").

The Kleins, however, also ask the Court to order Mettawa to pay the Kleins the tax rebate. R. 1-1 at 6 (¶ 9(B)). The Kleins seek this monetary relief akin to damages from Mettawa itself, not the expired rebate account, and contend that Mettawa "is well able to comply with this Court's orders financially." R. 27 at 3. Mettawa has not alleged that it is unable to pay any tax rebate the Kleins may be owed. Nor does Mettawa argue that it is the wrong defendant or has no legal obligation to pay the tax rebate to any applicant whose application was improperly denied. Thus, since the Kleins ask the Court to order Mettawa to make a monetary payment to the Kleins, the Kleins claim is not moot.

Mettawa argues in response that the Court should follow the Seventh Circuit's "rationale" in *Protestant Memorial* and find the Kleins' claims moot. R. 13 at 9. In *Protestant Memorial*, however, the plaintiff "sought only declaratory [and injunctive] relief" against a fund that had expired. 471 F.3d at 730. The Seventh Circuit held that absent a request for "monetary relief" the plaintiff's claim was moot. *Id.* By contrast, the Kleins seek "monetary relief," and there has been no showing that Mettawa cannot satisfy that claim. The Kleins' claim for payment of

6

the tax rebate is not moot on the basis of the Seventh Circuit's reasoning in *Protestant Memorial*.

### B. The Illinois Constitution

The Kleins allege that the Ordinance violates the Illinois constitution, R. 1-1 at 5 (¶ 6), specifically, Article IX, section 4, which provides:

> (a) Except as otherwise provided in this Section, taxes upon real property shall be levied uniformly by valuation ascertained as the General Assembly shall provide by law.
> (b) Subject to such limitations as the General Assembly may hereafter prescribe by law, counties with a population of more than 200,000 may classify or continue to classify real property for purposes of taxation. Any such classification shall be reasonable and assessments shall be uniform within each class. The level of assessment or rate of tax of the highest class in a county shall not exceed two and one-half times the level of assessment or rate of tax of the lowest class in that county. Real property used in farming in a county shall not be assessed at a higher level of assessment then single family residential real property in that county.

The Kleins argue that Article IX, section 4, permits only county boards to "classify" real estate, and neither the "State Legislature [nor Mettawa] have [the] power to classify real estate." R. 1-1 at 10 (¶ 4). The Kleins further argue that "[n]either the State Revenue Act not the Constitution have established a bonus for homestead property other than provided for in 35 ILCS 200/15-175 in the exemption." R. 27 at 2. The Kleins also argue that because Article IX, section 4, "only mentions 'single family residences' and the state statute only gives an assessment break for homestead property," the Ordinance violates both the 35 ILCS 200/15-175 and the

7

Illinois constitution because it only provides a tax rebate to property owners who lived in a home on the property during the relevant time period. *See* R. 27 at 2.

Mettawa argues in opposition that "there is no private right of action under the Illinois constitution," R. 31 at 2, and cites a number of cases holding that the Illinois constitution does not provide a private right of actions for damages for claims alleging unreasonable searches and seizures, false arrest, or excessive force. *See S.J. v. Perspectives Charter Sch.*, 685 F. Supp. 2d 847, 862 (N.D. Ill. 2010); *White v. Madison County*, 2008 WL 539230, at *5 (S.D. Ill. Feb. 26, 2008); *Harrison v. City of Chicago*, 2007 WL 1810510, at *6 (N.D. Ill. June 19, 2007); *Woods v. Clay*, 2005 WL 43239, at *24 (N.D. Ill. Jan. 10, 2005); *Ingram v. Jones*, 1995 WL 745849, at *3-4 (N.D. Ill. Nov. 29, 1995). The Kleins did not respond to this argument.

Illinois courts will entertain suits alleging that a statute violates the Illinois constitution. *See, e.g., Proviso Twp. High Sch. Dist. No. 209 v. Hynes*, 417 N.E.2d 1290, 1291 (Ill. 1980); *Mellon v. Coffelt*, 730 N.E.2d 102, 105 (Ill. App. Ct. 2d Dist. 2000). But Illinois courts will not entertain a suit for *damages* under the Illinois constitution absent an express "self-executing" constitutional provision granting a right of action, such that "no implementing legislation is necessary to sustain a cause of action." *Baker v. Miller*, 636 N.E.2d 551, 553 (Ill. 1994); *see also Teverbaugh v. Moore*, 724 N.E.2d 225, 228-29 (Ill. App. Ct. 1st Dist. 2000) (discussing and applying the reasoning of *Baker v. Miller*). Neither Article IX, section 4, of the Illinois constitution, nor any other section, contains any such right of action.

The Court has held that any claim the Kleins allege seeking injunctive or declaratory relief is moot. The Court has also held that any claim the Kleins allege seeking relief in the form of Mettawa paying them the tax rebate is *not* moot because the Court construed that claim as a claim for damages. The Court's holding that the relief the Kleins seek is in the form of damages, which saved the claim from mootness, is fatal to the Klein's claim under the Illinois constitution. Thus, Count II is dismissed.

### C. The United States Constitution

The Kleins' equal protection claim is not similarly defeated because 42 U.S.C. § 1983 permits plaintiffs to sue for damages for the deprivation of rights "secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994); *see also Kole v. Village of Norridge*, 941 F. Supp. 2d 933, 962 (N.D. Ill. 2013). The Kleins do not cite Section 1983 in their complaint, but since Mettawa did not object to this omission, neither does the Court. The Kleins argue that the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment in that it discriminates against property owners on two different allegedly impermissible bases: (1) the tax rebate is not available to those who own a home in Mettawa that is not their principal residence, *see* R. 1-1 at 8-9 (¶¶ 4, 6); R. 27 at 2 ("Placing the homestead restriction . . . denies equal protection to . . . a person with 2 or more single family residences, one in Mettawa, a resident of another jurisdiction, forfeits his homeowner's exemption by so declaring his residency."); and

9

(2) the tax rebate is not available to those who have not lived in the home continually since January 1, 2010. R. 1-1 at 6 (¶ 8).

Mettawa argues that this claim fails because Mettawa's decision to pay the tax rebate only to property owners who qualified for the homestead exemption, and who lived in a home on the property during the relevant time period, has a rational basis. Mettawa argues that requiring recipients of the tax rebate to have received the homestead exemption, such that their principal residence is in Mettawa, is intended to encourage the following: (1) "residential home ownership and residency within the municipality"; (2) "stability of the residential character of communities"; (3) "spend[ing] more time in the municipality and . . . interact[ion] with fellow residents"; and (4) "contributions towards the long-term progress of the municipality as a residential focused community." R. 13 at 12. Mettawa also argues that requiring recipients of the tax rebate to have lived in the home continually since January 1, 2010 is intended to promote the following policy objectives: (1) "[e]ncouraging long term residential ownership in [Mettawa], and . . . preservation, continuity, and stability of the residential nature of [Mettawa]"; and (2) "[t]he administrative expense and inconvenience involved in processing applications where applicants may have lived in the property for only part of a tax year." R. 13 at 13. All of these considerations as articulated by Mettawa are legitimate bases for policy and tax preferences. *See Armour v. City of Indianapolis*, 132 S. Ct. 2073, 2081-82 (2012) (holding that administrative cost was a rational basis for a policy forgiving certain debts); *Nordlinger v. Hahn*, 505 U.S. 1, 12 (1992) ("[T]he State has

a legitimate interest in local neighborhood preservation, continuity, and stability. The State therefore legitimately can decide to structure its tax system to discourage rapid turnover in ownership of homes . . . ."); *Stahl v. Village of Hoffman Estates*, 694 N.E.2d 1102, 1107 (Ill. App. Ct. 1st Dist. 1998) ("The ordinance, with its exemption, does not impose a tax on people who leave the Village. It rewards the people who stay. In that way the Village promotes stability and continuity. That is a legitimate local purpose."); *Ball v. Village of Streamwood*, 665 N.E.2d 311, 315 (Ill. App. Ct. 1st Dist. 1996) (holding that a municipality's goal to "encourage residents to remain in the Village, to interact with the local populous and businesses, and to contribute to the Village's long-term progress" was a rational basis for a tax exemption). The Kleins have not substantively opposed Mettawa's argument, and thus, the Kleins have not met their burden "to negative every conceivable basis which might support" the Ordinance. *See Armour*, 132 S. Ct. at 2082. Therefore, the Kleins' equal protection claim fails, and Count III is dismissed.

## Conclusion

For the foregoing reasons, Mettawa's motion, R. 13, and the Attorney General's motion, R. 19, are granted, and the Klein's claims are dismissed with prejudice.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 25, 2014